UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

      vs.

GIL CUOTO,

            Defendant.

5:07-CR-259

---

| APPEARANCES | OF COUNSEL |
|---|---|
| Andrew T. Baxter<br>Acting United States Attorney<br>Northern District of New York<br>100 South Clinton Street<br>Room 900, P.O. Box 7198<br>Syracuse, New York  13261-7198 | Edward R. Broton, Esq.<br>Assistant U.S. Attorney |
| Thomas W. Ryan, Esq.<br>1200 Hills Building<br>217 Montgomery Street<br>Syracuse, New York 13202<br>*Attorney for Defendant* | |

## OBSTRUCTION ORDER

**Norman A. Mordue, Chief U.S. District Judge**

The government has requested a two-level enhancement of defendant's sentence based on obstruction of justice as set forth in U.S.S.G. § 3C1.1 based on allegedly perjured testimony.  Specifically, the government asserts that the position defendant has taken in this sentencing proceeding - that he did not sign the two

checks that were the subjects of Counts 17 and 18 of the Indictment as set forth in paragraph 14 of the presentence report - is materially false based on contrary testimony he provided at trial. "[T]o base a § 3C1.1 enhancement [for "Obstructing or Impeding the Administration of Justice"] upon the giving of perjured testimony, a sentencing court must find that the defendant: 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997).

When he testified at trial, defendant answered simply, "Yes" when asked whether he signed a Sky Tech Engineering check made payable to TC Tech for $229,680.00. In connection with the second Sky Tech Engineering check at issue herein - payable to TC Tech in the amount of $236,584.00 - defendant initially testified that he "[didn't] know" if he signed the check "then or before." When the prosecutor pressed him further on this issue and asked, "But you signed it didn't you, sir?" defendant answered, "it must have been me if I'm the president of the company." Defendant also answered "That's right" to the question "You're the only person who could sign those checks, isn't that true?"

In his sentencing memorandum, defendant contends via his attorney, however, that he did not sign the two checks payable to TC Tech referenced in Counts 17 and 18 of the Indictment and in paragraph 14 of the presentence report.

This Court made an inquiry of defendant's counsel on the record at the outset of this sentencing proceeding concerning defendant's position on whether he was the signatory of the afore-referenced checks and counsel argued in effect that defendant was "confused" or that "something was lost in translation" when he gave his trial testimony concerning his alleged signature on the two checks. The Court also offered the defendant the opportunity to testify on his own behalf regarding whether he signed the two checks in question. In his testimony before this Court, defendant argued that although the signatures on the two checks are his, he did not actually sign these checks. While defendant acknowledged that he readily admitted signing the first TC Tech check during his trial testimony, he now states that he "hesitated" when the government prosecutor showed him the second check. Specifically, defendant testified under oath that when he was asked to identify his signature on the second check, he noticed that it was printed with red ink and Sky Tech company checks were not printed with red ink.

At no time, however, during his sworn trial testimony did defendant refer to the alleged use of red ink on the checks sent to TC Tech. Moreover, at no time during his trial testimony did defendant express any concern or doubt about the authenticity of the Sky Tech Engineering checks or the printing on the checks received by TC Tech. Further, at no time during his sworn trial testimony did

defendant - who admittedly speaks five languages and appeared to be an intelligent, articulate witness fully able to express himself - indicate that he was confused concerning the very straightforward questions asked of him at trial concerning these two checks.  Nor did defendant ever request the opportunity to add anything to or change his answers regarding whether he signed the TC Tech checks.  As a final incriminating factor, it is now abundantly clear that defendant could not possibly have had a concern during his trial testimony about the color of the ink used on the two checks since the government never had in its possession the original checks sent by Sky Tech Engineering to TC Tech.  Indeed, the government has now demonstrated that the TC Tech checks - Exhibits  #3Q-31 and #3Q-32 - shown to defendant during the trial for identification of his signature were certified black and white copies.

     Defendant has asked the Court to substitute the plain meaning of the questions asked and answers given in his trial transcript for a newly hatched contention.  To wit, defendant avers that the alleged "hesitation" in his answer regarding the second TC Tech check is proof that when he said under oath that he "signed" the checks he really meant "that's my signature but I never actually signed the checks."  Defendant has endeavored to twist the sworn trial transcript in this case beyond its endurable interpretation.  It is clear that defendant has offered this

-4-

patently false testimony to the Court in an attempt to minimize his personal involvement in the fraudulent scheme in this case and obtain the "non-guidelines sentence" advocated by his attorney in his sentencing memorandum.  The Court finds that defendant's attempt to extricate himself from damning trial admissions is not only incredible, but perjurious.

Defendant only compounded his serious credibility issues in this hearing by wildly vacillating in his answers to subsequent questions about his signature on various checks.  When presented with several original checks which were used by the government as evidence at trial, sometimes defendant said he did not sign the checks printed with red ink, sometimes he said the signatures on the checks printed in red ink looked like his.  After acknowledging he had signed one check not printed in red ink, he later said he did not sign it.  Some checks he could have signed, others he did not know if he signed.  In certain cases he stated that he might have signed the checks, but he did not stop payment on them.  There is one thing clear and consistent in defendant's testimony however - he was the only person at Sky Tech Engineering authorized to sign company checks.

Defendant's testimony during this sentencing hearing and at trial was unworthy of belief - particularly in connection with whether he was aware of or involved in a fraudulent scheme at Sky Tech to obtain merchandise from victim

companies by means of false promises to pay or checks drawn on closed or insufficiently funded accounts. However, on the particular issue of whether defendant signed the two checks identified in Counts 17 and 18 of the Indictment as identified in paragraph 14 of the presentence report, defendant has explicitly perjured himself. Defendant has offered untruthful statements to the Court under oath during this sentencing hearing in an effort to deny what he previously and expressly admitted. Based thereupon, this Court finds by clear and convincing evidence that defendant Gil Cuoto has intentionally made a materially false statement to the Court regarding whether he was the signatory of the two Sky Tech checks made payable to TC Tech in a wilful attempt to influence this sentencing proceeding.

Consequently, the Court hereby GRANTS the government's request for a two-level enhancement of defendant's sentence for obstruction of justice based on U.S.S.G. § 3C1.1.

**IT IS SO ORDERED.**

Dated: June 2, 2009
      Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge